## ST. LOUIS TRANSFER COMPANY, Appellant, v. LOUIS ALT and PATRICK J. CLIFFORD.

### Division One, April 2, 1914.

VEHICLE. LICENSE: Mandamus: Substitution of Respondent: Moot Question. Where the court has held in a companion case brought by the city against relator herein to collect vehicle taxes that the Vehicle Ordinance of the city of St. Louis is valid in so far as it requires relator to pay a license tax on each wagon used by him on its streets, and that relator must pay such tax for the past years whether he had a license or not, the question of whether the circuit court erred in permitting the present license collector to be substituted as a respondent in the stead of his predecessor in office, against whom the original mandamus was brought, asking for a writ to compel the collector to issue him a license in total disregard to the width of the tires of his vehicles, becomes a mere moot question. [See City of St. Louis v. St. Louis Transfer Co., *ante*, page 476.]

Appeal from St. Louis City Circuit Court.—*Hon. Edwin W. Lee*, Judge.

APPEAL DISMISSED.

*Randolph Laughlin* for appellant.

(1) A motion for a new trial is not necessary to secure a review of a decision on a motion rendered after trial. Shohoney v. Railroad, 233 Mo. 649. (2) The mandate in this case did not require the circuit court to issue the writ in opposition to the wishes of the relator. The relator was the real party plaintiff, and as such was in control of the suit, and it had the right to dismiss the suit at any time up to the day of trial, and it was error for the court to enter judgment ostensibly in its favor, but in its absence, against its will, without a setting, and without giving it an opportunity to be heard. This error was aggravated by the changed condition of the case, brought about by the decision of this court in State ex rel. v. Clifford, 228 Mo. 194. (3) Independent of the above, it was error for the court to substitute Alt for Clifford as a party defendant, without giving relator an opportunity to be heard. The petition was limited in its scope to the year 1904, when Clifford was license collector and Alt was not, and Alt could not validly be substituted to the place of Clifford in the litigation for the purpose of giving the relief which the Transfer Company sought against Clifford, in the absence of the Transfer Company's consent. State ex rel. v. Gibson, 187 Mo. 554. Moreover, the denial of the judgment for costs which the Supreme Court had directed to be given against Clifford, and which never was given against Clifford, was a denial of due process of law. State ex rel. v. Judges, 32 L. Ann. 1256. (4) It was error for the trial court to sustain the city counselor's motion on the very day it was filed. This error was aggravated by the circumstance that that day was the last day of the June term, and that the proceeding was had

without any setting, and without any notice whatever to appellant or to appellant's counsel, who had been absent on his summer vacation. Section 1842 was designed to protect litigants from just such abuse of process as this. R. S. 1909, sec. 1842.

*William E. Baird* and *Truman P. Young* for respondent.

After the decision in the case of State ex rel. Transfer Company v. Clifford and the receipt of the mandate by the circuit court, that court acted correctly in substiting Alt, the then license collector, in place of Clifford, the former license collector, and in then entering up judgment in accordance with the mandate. A writ of mandamus against Clifford ordering him to issue a license would have been a nullity, for he was powerless to do so. In a suit either by or against a public officer, a substitution of parties should be made wherever the incumbent of the office is changed or where by a change of law the duties are transferred to another officer. Madison Co. v. Candler, 123 N. C. 682; R. S. 1909, secs. 1925 and 1916. In all such cases it is the office itself as a branch of the public service which is the party to the litigation. Armour v. Roberts, 151 Fed. 846. Upon receipt of a mandate from an appellate court the trial court can do nothing but enter up a judgment in accordance with the mandate. Scullin v. Railroad, 192 Mo. 1; Durant v. Essex Co., 101 U. S. 555; Carpet-Sweeper Co. v. Sweeper Co., 72 Fed. 548; Stewart v. Salamon, 97 U. S. 361; Humphrey v. Baker, 103 U. S. 736; Mining Co. v. Billings, 150 U. S. 37; Tourville v. Railroad, 148 Mo. 614, 179 U. S. 322.

GRAVES, J.—This case was submitted with the case of the City of St. Louis v. St. Louis Transfer Co., an opinion in which has just been handed down. It is the same case as that of State ex rel. St. Louis

Transfer Co. v. Clifford, 228 Mo. 194. To get a clear comprehension of the matter, what is said here should be read in connection with the opinion in City of St. Louis v. St. Louis Transfer Co., ante, p. 476, and State ex rel. v. Clifford, 228 Mo. 194, supra. When this case was here before, Division No. 2 of this court thus returned it to the circuit court:

"The judgment is reversed and the cause remanded, with a direction to the lower court to grant a temporary writ of mandamus to the relator for the relief asked."

When the case reached the lower court Clifford was no longer license collector of the city of St. Louis, but Louis Alt had succeeded to that office. Upon the suggestion of the city counselor, the court permitted Louis Alt to be substituted as a party defendant in the case, and understanding from the mandate and opinion of this court that such court should issue its writ of mandamus, the court in obedience to what it understood to be the judgment and mandate of this court did issue a writ of mandamus in said case. Thereafter the relator thus attacked the proceeding in the circuit court:

"Now comes the relator, the St. Louis Transfer Company, and moves the court to quash the peremptory writ of mandamus and to vacate the order of substitution issued and made herein on October 1, 1910, for the following reasons:

"(1) Said writ is void on the face of the record herein, as also is said order.

"(2) Said writ was not granted on motion of this relator, nor in the interest of relator, and relator disclaims and repudiates the same.

"(3) Said writ does not run against the defendant Clifford, who was sued by this relator, but on the contrary runs against one Louis Alt, who was not a party to this controversy, whom this relator has not elected to sue, and of whom this relator desires no

present relief, either by writ of mandamus or otherwise.

"(4) Said writ is predicated upon a so-called order of substitution, whereby one Louis Alt purports to have been substituted as defendant herein for the defendant who was sued by this relator. All of which was *ex parte* and without notice to this relator, and is against the interest of this relator, and is null and void, as is also the writ of mandamus predicated thereon.

"(5) Said writ constitutes and is an abuse of the process of this court, in this, to-wit: That in the case of City v. Cool, decided by the Supreme Court, as also in the appeal in this case, it was decided by the Supreme Court, that the ordinance which imposes or purports to impose a vehicle license tax on vehicles using the streets of the city of St. Louis is void. Notwithstanding said decision, the said Louis Alt has attempted to collect licenses from this relator under the provisions of said ordinance, but this relator has refused to pay the same. The said Alt now seeks by the procedure attacked by this motion to commit this relator to the attitude of claiming the benefit of a writ of mandamus against him to compel him to issue licenses, and thereby of estopping itself to deny its liability to pay for such licenses, in order thereby to strengthen his hand in a suit against this relator to recover such licenses, which the said Alt has threatened to bring.

"Wherefore, this relator prays that the said writ may be quashed, and the said order of substitution may be vacated."

From an adverse judgment upon this motion the relator appeals.

We shall not deal at length with the question urged in this record. Suffice it to say that the disposition which we have made of the case of City of St. Louis v.

St. Louis Transfer Co. renders this case a mere moot case. Relator was extremely anxious for a writ of mandamus against the license collector of St. Louis until it became seized with the idea (whether right or wrong, we do not say) that this court had declared the whole of section 1708 of the ordinance of the City of St. Louis void. Up to that time it had been perfectly willing to pay the license tax, and have the court compel the issuance of the license. We have said in the case of the City of St. Louis v. The St. Louis Transfer Company that it must pay the license taxes, not only for the year 1905, involved here, but for several subsequent years, and that opinion not only affirms the right of the action of the trial court in the instant case, but renders the license for the year unnecessary. Upon the whole this case becomes a mere moot case, and we will dismiss the appeal of the relator herein. It is so ordered. All concur.